[Civ. No. 22191. Fourth Dist., Div. One. Dec. 12, 1980.]

JAMES HURD, JR., et al., Plaintiffs and Appellants, v.
REPUBLIC INSURANCE COMPANY, Defendant and Respondent.

COUNSEL

Popko & Cornblum and Bruce Cornblum for Plaintiffs and Appellants.

Ault, Midlam & Reynolds, Kevin Midlam, Staitman & Snyder and Jack M. Staitman for Defendant and Respondent.

OPINION

**COLOGNE, J.**—James Hurd, Jr., and Lena Hurd brought an action for declaratory relief and bad faith against Republic Insurance Company for refusal to pay under the terms of their fire insurance policy for loss of personal property destroyed by fire in their building. After a trial by the court, judgment was rendered in favor of Republic holding there was no coverage under the policy. The Hurds appeal.

On October 21, 1975, the Hurds obtained a fire insurance policy covering certain structures located at 932 and 934 South 38th Street in San Diego. On February 19, 1978, while the policy was in full force and effect, the buildings were damaged by fire and Republic paid the claim for loss and damage to the buildings. That sum was accepted by the Hurds and is not in contention in this action. The claim for loss and damage to the contents of the building was not paid however, Republic asserting the policy provided no coverage for that risk. The sole issue on appeal is whether the policy covers loss of or damage to items of personal property constituting the contents of the insured buildings and structures.

The face sheet of the policy indicates the dollar value of the property covered and the annual premiums to be paid as follows:

| $36,000 | Fire and Lightning | $61.00 |
|---|---|---|
| $ | Extended Coverage | 17.00 |
| $ | Special Form | 26.00 |
| | | $104.00 Total Annual Premium |

The policy is entitled "DWELLING BUILDING(S) AND CONTENTS—SPECIAL FORM" and, under the heading "DESCRIPTION OF PROPERTY AND INTERESTS COVERED," purports to cover losses under "Coverage A

Dwelling," "Coverage B—Appurtenant Structures," "Coverage C—Household and Personal Property," "Coverage D—Rental Value" and "Coverage E—Additional Living Expense." The policy also states under the title "Perils Insured Against" that "[t]his policy insures under... coverage C against direct loss to the property covered by the following perils as DEFINED AND LIMITED, EXCEPT AS OTHERWISE EXCLUDED: [¶] (1) Fire or Lightning [¶] (2) Windstorm or Hail. . . ." There are exclusions provided for in the policy, but none are applicable here.

■ Republic contends because the face of the policy does not show coverage or a premium having been paid for coverage C (household and personal property), there is no coverage on the contents of the building. It contends its only liability is for fire and lightning loss to the dwelling, extended coverage (windstorm, hail, explosion, riot or civil commotion, aircraft, vehicle damage, smoke, vandalism, burglars, falling objects, weight of snow or sleet, etc.) and the other "special form" provisions. These items are shown as having been supported by payment of a premium. It contends the trial court correctly determined there is no coverage for contents under this form of policy unless "contents" is specifically stated by a write-in in the blank space under item "special form" on the face of the policy; and a premium must be shown as charged and paid. Nowhere in the policy is that concept explained nor is there any exclusion provided for household or personal property for any reason pertinent to our opinion.

■ In dealing with standardized contracts, courts have to determine what the weaker contracting party could legitimately expect by way of services according to the enterpriser's "calling," and to what extent the stronger party disappointed reasonable expectations based on a typical life situation (Kessler, *Contracts of Adhesion* (1943) 43 Colum. L.Rev. 629, 637; *Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 270 [54 Cal.Rptr. 104, 419 P.2d 168]). The court interprets the form contract to mean what a reasonable buyer would expect it to mean, and thus protects the weaker party's expectation at the expense of the stronger's (*id.* at p. 271). ■ If the insurer deals with the public upon a mass basis, the notice of noncoverage of the policy, in a situation in which the public may reasonably expect coverage, must be conspicuous, plain and clear (*ibid.* at p. 271, citing *Steven* v. *Fidelity & Casualty Co.* (1962) 58 Cal.2d 862, 878 [27 Cal.Rptr. 172, 377 P.2d 284]).

Here we view the policy as presenting some obvious ambiguities if we are to give credence to the interpretation sought by Republic.

The title and language of the policy provide coverage for contents as well as the building structures. We note the title joins these items of coverage in the conjunctive, not disjunctive, and the natural assumption is the insured is receiving coverage for both items. Nowhere in the policy is there an attempt to clarify the fact that coverage is conditional in any way or that in order to get coverage on one item of the package, something must be added or shown on the face sheet.

We would be the first to concede if the face of the policy showed a type of coverage contained in the policy was not paid for, there should be no coverage. Here, however, all varieties of coverage for which Republic claims a premium should be paid are shown conspicuously on the face sheet except, as they assert, this item of coverage for contents. For the other varieties of coverage, it is easy to see when the premium is being omitted. While the face does contain blanks for further charges, there is no indication what those blanks are for or that any portion of the full premium for the total policy has not been charged. It would be the reasonable assumption that space would be for additional items added as "riders" or endorsements added to the basic policy. Had the words "contents" appeared as printed language under "special form" as an additional item of available coverage and no charge for a premium followed, the Hurds would have been put on notice some portion of the coverage was being omitted. Here they had no such notice.

Republic's witness explained the DF-1 form policy provides coverage for fire and lightning only, DF-2 form policy provides coverage for fire and lightning plus some minimal coverage for contents and DF-3 form policy, used here, provides the broadest coverage. If this is so and Republic intended to exclude some of the provisions, it should be made clear either on the face of the policy "contents...not included" or "contents...$0 premium," or indicated the fact of possible noncoverage under the "general exclusion" provisions. The exclusion provisions are extensive and if certain portions of the policy are not applicable, that should be made clear.

We believe the notice of limited coverage in this policy is misleading at best and the exclusion asserted by Republic is not conspicuous, plain and clear. The insured here could have reasonably expected the contents of his real property were insured to the limits of the policy as

spelled out for the dwellings in the event of loss according to the other terms of the policy.

Judgment reversed.

Brown (Gerald), P. J., and Work, J., concurred.

A petition for a rehearing was denied January 5, 1981, and respondent's petition for a hearing by the Supreme Court was denied February 27, 1981. Bird, C. J., was of the opinion that the petition should be granted.